**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**ERIC MCPHAIL,** )
        **Plaintiff,** )        **Civil Action No. 16-233Erie**
)
        **v.** )        **Magistrate Judge Baxter**
)
**FEDERAL BUREAU OF** )
**INVESTIGATION, et al,** )
        **Defendants.** )

**MEMORANDUM ORDER**

M.J. Susan Paradise Baxter

      Plaintiff Eric McPhail brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records from the Federal Bureau of Investigation (FBI) and the Department of Justice (DOJ) relating to his federal conviction on securities violations. Plaintiff filed this lawsuit while he was incarcerated at FCI McKean from which he has since been released.

      Presently before the Court are Plaintiff's objections to Defendant FBI's utilization of a "*Glomar* response." ECF No. 27; ECF No. 28. In support of their position, Defendants have provided material to this Court for *in camera* review.

      The purpose of the FOIA is "'to facilitate public access to Governemtn documents,' and therefore its 'dominant objective' is 'disclosure, not secrecy.'" Civil Liberties Union of New Jersey v. F.B.I., 733 F.3d 526, 531 (3d Cir. 2013) quoting Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. United States Dep't of Veterans Affairs, 135 F.3d 891, 897 (3d Cir. 1998). Under the *Glomar* doctrine, a governmental agency may refuse to confirm or deny the existence of responsive records under the "unusual circumstance" where disclosing whether

1

responsive documents exist would cause harm recognized by a FOIA exemption. New York Times Co. v. U.S. Dep't of Justice, 756 F.3d 100, 122 (2d Cir. 2014). In order "to properly employ the *Glomar* response to a FOIA request, an agency must 'tether' its refusal to respond to one of the nine FOIA exemptions – in other words, 'a government agency may refuse to confirm or deny the evidence of certain records if the FOIA exemption would itself preclude the acknowledgement of such documents.'" Schwartz v. Dep't of Defense, 2017 WL 78482, at *21 (E.D.N.Y. Jan.6, 2017) quoting Wilner v. National Sec. Agency, 592 F.3d 60, 68 (2d Cir. Dec.30, 2009).

Under the FOIA, Plaintiff has requested "all electronic surveillance, wiretaps and audio files from [co-defendant] John J. Gilmartin." ECF No. 3-1, page 22. Gilmartin was one of 6 co-defendants, including Plaintiff, charged with violating federal antifraud laws by the Securities and Exchange Commission (SEC). The FBI has asserted a *Glomar* response linked to exemptions under 5 U.S.C. § 552 (b)(6)[1] and (b)(7)(C)[2] seeking to protect information compiled for law enforcement purposes because it could invade Gilmartin's privacy. The FBI claims that even confirming or denying the existence of records would itself cause harm by violating the personal privacy of Gilmartin because it would confirm a criminal investigation by the FBI of him.

---

[1] "**(b)** This section does not apply to matters that are-- **(6)** personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy…"

[2] "**(b)** This section does not apply to matters that are-- **(7)** records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information […] (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy …"

2

Plaintiff argues that there are three circumstances in which the fact that an individual is mentioned in a law enforcement file does not give rise to a privacy interest cognizable under Exemption 7(C) and that the third such instance, the so-called "official acknowledgement doctrine," applies here: "If the federal government has already officially confirmed that the third party was or is the subject of a federal investigation then the very fact that an agency maintains corresponding investigatory file cannot be regarded as a 'private' fact about that person." ECF No. 27; ECF No. 28. Plaintiff contends that the *Glomar* response is inappropriate here since Gilmartin was part of the SEC charges, was mentioned specifically in Plaintiff's sentencing report, and was named in a press release issued by the SEC that recognized the FBI for its assistance in the investigations.

Central to the FBI's argument here is the belief that a *Glomar* response is particular to the asserting agency, here the FBI. It appears to argue that only the FBI can "officially confirm or acknowledge" an investigation because any investigation must be by the FBI to violate Mr. Gilmartin's privacy interest here. Yet, Mr. Gilmartin not only knew that he was investigated *by the government* for securities fraud, he was *charged* by the government (albeit a different agency) for securities fraud. These charges against him as one of 6 co-defendants were the subject of a press release issued by the SEC, that were reported by local news outlets, and the charges were, of course, of public record. How then can the FBI assert that Mr. Gilmartin has any privacy interest in precisely the same securities fraud investigation based on the precise set of circumstances at the precise time and place simply because the FBI may have participated? The law does support this reading of the exemption.

Courts have held that under the "officially acknowledged doctrine" as applied to *Glomar* responses, agencies lose their right to assert the response when the existence or non-existence of

3

an investigation has been publicly disclosed **by the government.** See Schwartz, 2017 WL 78482 (the inquiry is whether prior disclosure acknowledged the existence of the government investigation of the claimed privacy interest, not which agency disclosed it). The FBI has provided no support for the assertion that the public disclosure has to have been made by the same agency.

It is beyond dispute that the SEC disclosed the securities fraud investigation against Mr. Gilmartin when they charged him and held a news conference acknowledging the same. The charges are publicly available through the court system. It strains credulity that Mr. Gilmartin has a privacy interest in whether the FBI also participated in this investigation – Mr. Gilmartin was investigated for securities fraud and criminally charged; but, even if a privacy interest existed as specific as which investigatory agency worked on the case, the SEC's public acknowledgement that it was assisted in the investigation by the FBI pierces that interest.

Therefore, Defendants may not use a *Glomar* response to Plaintiff's request for "all electronic surveillance, wiretaps and audio files from [co-defendant] John J. Gilmartin."

IT IS SO ORDERED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 7, 2017